```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

MELISSA ANN COLE,

        Plaintiff,

    -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

**DECISION and ORDER**
**No. 6:14-cv-6677(MAT)**
___

## I.   Introduction

Represented by counsel, Melissa Ann Cole ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## II.   Procedural Status

On September 27, 2010, Plaintiff protectively filed an application for DIB, alleging disability beginning February 3, 2010. The application initially was denied on May 11, 2011. Plaintiff then filed a written request for a hearing, at which time Plaintiff was advised of her right to representation. Plaintiff appeared with her service worker Theresa Walker, for a hearing on June 11, 2012, and administrative law judge Connor O'Brien ("the ALJ") advised her of her right to representation and limited the

testimony to development of the record. Plaintiff and her case worker appeared and testified at a hearing held by the ALJ on September 14, 2012, in Rochester, New York. Also appearing and testifying were Chukwuemeka Efobi, M.D., an impartial medical expert, and Peter A. Manzi, D. Ed., an impartial vocational expert. Although again informed of the right to representation, Plaintiff chose to proceed without the assistance of an attorney or other representative. The ALJ issued an unfavorable decision on May 21, 2013, finding that Plaintiff was not disabled. T.[1]

Plaintiff retained counsel and requested review by the Appeals Council. On October 10, 2014, the Appeals Council summarily denied Plaintiff's request, making the ALJ's decision the final decision of the Commissioner. Represented by counsel, Plaintiff timely instituted this action.

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed factual recitations contained in the parties' briefs. The Court will discuss the record evidence in further detail below, as necessary to the resolution of the parties' contentions. For the reasons discussed below, the Court

---

[1] Numerals preceded by "T." refer to pages from the certified transcript of the administrative record, submitted by the Commissioner in connection with her answer to the complaint.

reverses the Commissioner's decision and remands the matter for further administrative proceedings.

**III. Scope of Review**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)). "Failure to apply the correct legal standards is grounds for reversal." Townley, 748 F.2d at 112.

**IV.  The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff last met the insured status requirements of the Act on September 30, 2011, and that she did not engage in substantial gainful activity during

the period from her alleged onset date of February 3, 2010, through her date last insured.

At step two, the ALJ found that Plaintiff has following "severe" impairments, inasmuch as these medically determinable impairments cause significant limitations on her ability to perform basic work activities: asthma/chronic obstructive pulmonary disease ("COPD"); bipolar disorder; anxiety; hypertension; and polysubstance dependence.

At step three, the ALJ determined that the severity of Plaintiff's mental and physical impairments, considered singly and in combination, did not meet or medically equal the criteria of any listed impairments, including Listings 12.04 (Affective Disorders), 12.06 (Anxiety Disorders), and 12.09 (Personality Disorders). With regard to the "Paragraph B" factors of these mental impairments, the ALJ found that Plaintiff has only "mild" restrictions in activities of daily living; "mild" difficulties in social functioning; "moderate" difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation of extended duration.

The ALJ proceeded to assess Plaintiff's residual functional capacity ("RFC") and found that she can perform medium work as defined in 20 C.F.R. § 404.1567(c), with the following limitations:

> She can tolerate up to occasional exposure to extreme cold, extreme heat, wetness, and humidity but must avoid all exposure to airborne irritants. She is limited to unskilled work. She can focus for 2-hour periods with [a]

> brief opportunity to stretch and re-focus for up to 2 minutes in each 2-hour period. She is limited to occasional changes in [the] work setting. She requires up to three additional[,] unscheduled[,] short[,] less-than-5-minute breaks during the workday. She cannot make discretionary judgments or work decisions.

T.45.

At step four, the ALJ found that Plaintiff had past relevant work as a short-order cook (DOT# 313.374-014) and informal waitress (DOT# 311.477-030), both of which are semiskilled occupations with an SVP of 3, and are performed at the "light" exertional level. Accordingly, the ALJ found Plaintiff unable to perform her past relevant work. T.49.

At step five, the ALJ noted that Plaintiff was a "younger individual" with at least a high school education and the ability to communicate in English. Considering Plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 and the VE's testimony, the ALJ found that Plaintiff can perform requirements of representative occupations such as photo copy machine operator (DOT# 207.685-O14, SVP of 2, unskilled, and "light" in exertional level; 44,148 of such jobs nationally and 205 in the Finger Lakes region), and collator operator (DOT# 206.685-010, SVP of 2, unskilled, and "light" in exertional level; 33,865 of such jobs nationally and 143 in the Finger Lakes region). Accordingly, the ALJ entered a finding of "not disabled." T.51.

**V.    Discussion**

    **A.    Erroneous Rejection by Appeals Council of New Evidence from Plaintiff's Treating Physician**

After the ALJ issued her unfavorable decision, Plaintiff retained counsel to represent her in connection with her administrative appeal. Her attorney obtained and submitted to the Appeals Council an RFC Questionnaire from Plaintiff's treating physician, Shaikh M. Ahmed, M.D. See T.18-25. Dr. Ahmed completed the report on June 13, 2013, and indicated he had first treated Plaintiff on March 2, 2010, and every three months thereafter. T.18. Her diagnoses included bipolar affective disorder, depression with anxiety, tobacco use disorder, hypertension, and asthma with symptoms including generalized persistent anxiety, difficulty thinking or concentrating, paranoid thinking or inappropriate suspiciousness, emotional withdrawal or isolation, a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes. T.19. Dr. Ahmed stated that Plaintiff had category four limitations in all functional areas, including, inter alia, understanding, remembering, and carrying out complex and simple instructions; maintaining attention for two-hour segments; performing at a consistent pace without an unreasonable number and length of rest breaks; and dealing with normal work stress. The mental limitations assessed by Dr. Ahmed equated to Plaintiff being precluded from performing adequately for more than 20 percent of an eight-hour workday. T.20-21; see also T.22-23.

Dr. Ahmed indicated that Plaintiff could sit for at least six hours in an eight-hour workday and stand/walk for four hours in an eight-hour workday. Throughout an eight-hour workday, she would require unscheduled breaks every hour for 15 minutes each, during which she would have to sit quietly. T.23. Due to her combined mental and physical limitations, Dr. Ahmed opined that she would be off-task for more than 30 percent of the workday. T.23. Dr. Ahmed indicated that Plaintiff's symptoms would increase if she were engaged in full-time competitive employment. T.24.

The Appeals Council rejected Dr. Ahmed's report because it was dated after Plaintiff's date last insured. Plaintiff argues that this was an invalid reason for rejecting the evidence. For the reasons outlined below, the Court agrees that the Appeals Council erred.

The Commissioner's regulations permit a claimant to "submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision." 20 C.F.R. §§ 404.970, 416.1470; see also Perez v. Chater, 77 F.3d 41, 44 (2d Cir. 1996). To obtain a review of the additional evidence, the claimant must establish that it is "(1)'"new" and not merely cumulative of what is already in the record,' and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative[.]'" Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988) (internal quotation and citation omitted). New

evidence is considered to be "material" if there is "a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." Id. (citations omitted). If the Appeals Council fails to consider new, material evidence, "the proper course for the reviewing court is to remand the case for reconsideration in light of the new evidence." Shrack v. Astrue, 608 F. Supp.2d 297, 302 (D. Conn. 2009) (citing Milano v. Apfel, 98 F. Supp.2d 209, 216 (D. Conn. 2000)).

As noted above, the Appeals Council declined to accept the new evidence because it was dated after Plaintiff's date last insured. See T.2 ("[T]he [ALJ] decided your case through September 30, 2011, the date you were last insured for disability benefits. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits."). However, this rationale is contrary to Second Circuit authority holding that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." Newbury v. Astrue, 321 Fed. App'x 16, 2009 WL 780888, at *2 n. 2 (2d Cir. Mar. 26, 2009) (citing Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004)). The Appeals Council's "categorical refusal to consider evidence because it was created after the date of the ALJ's decision is an error." Flagg v. Colvin, No. 5:12-CV-0644(GTS/VEB), 2013 WL 4504454, at *5 (N.D.N.Y. Aug. 22, 2013) (citing Pollard, 377 F.3d at 193 ("Although the new

evidence consists of documents generated after the ALJ rendered his decision, this does not necessarily mean that it had no bearing on the Commissioner's evaluation of [the claimant's] claims. To the contrary, the evidence directly supports many of her earlier contentions regarding [the] condition. It strongly suggests that, during the relevant time period, [her] condition was far more serious than previously thought."); other citation omitted).

The Appeals Council further erred by failing to apply the treating physician rule. Under the "treating physician's rule," "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2); citation omitted; brackets in original). "A corollary to the treating physician rule is the so-called 'good reasons rule,' which is based on the regulations specifying that 'the Commissioner "will always give good reasons"' for the weight given to a treating source opinion." Silva v. Colvin, No. 6:14-cv-06329(MAT), 2015 WL 5306005, at *5 (W.D.N.Y. Sept. 10, 2015) (quoting Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2); other citation omitted). These rules apply to the

Appeals Council when the new evidence presented to it reflects the findings and opinions of a treating physician. See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999). Here, there is no dispute that Dr. Ahmed qualifies as a "treating physician." The Appeals Council therefore was required to give "good reasons" for the weight it assigned to his opinion. See Snell, 177 F.3d at 134; see also, e.g., Newbury, 321 F. App'x at 18; Shrack, 608 F. Supp.2d at 302; Moss v. Colvin, No. 1:13-cv-731-GHW-MHD, 2014 WL 4631884, at *24 (S.D.N.Y. Sept. 16, 2014); Flagg, 2013 WL 4504454, at *5. The Appeals Council, however, did not indicate what weight, if any, it afforded to Dr. Ahmed's RFC Questionnaire. Remand accordingly is required. See Farina v. Barnhart, No. 04-CV-1299(JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan. 18, 2005) (remanding for further proceedings where the Appeals Council failed to acknowledge receipt of new evidence from claimant's treating physician and failed to "provide the type of explanation required under the treating physician rule" when denying review)); Knepple-Hodyno v. Astrue, No. 11-cv-443, 2012 WL 3930442, at *9 (E.D.N.Y. Sept. 10, 2012) (remanding for further proceedings because the "Appeals Council provided no explanation as to why it did not give . . . new evidence controlling weight")).

As discussed below, the Court has found additional errors warranting remand for further consideration by the ALJ of Plaintiff's claim. Dr. Ahmed's report has become part of the

administrative record, and the ALJ will be obliged to consider it on remand.

### B.  Inadequate Credibility Assessment

Plaintiff also contends that the ALJ's credibility assessment was inadequate because no attempt was made to explain how the ALJ's recitation of Plaintiff's medical treatment supported her ultimate conclusion that she "cannot credit [Plaintiff's] allegation of disability." As discussed further below, the Court agrees.

The Commissioner's regulations provide a two-step process for evaluating subjective symptoms such as pain, fatigue, depression, and anxiety. See 20 C.F.R. § 404.1529(a), (c)(1); Social Security Ruling ("SSR") 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996). Because "an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," SSR 96-7p, 1996 WL 374186, at *3, an ALJ will consider the factors listed in the Regulations: (i) the claimant's daily activities; (ii) location, duration, frequency, and intensity of the claimant's symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (v) other treatment received to relieve symptoms; (vi) any measures taken by the claimant to relieve symptoms; and (vii) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. See 20 C.F.R. § 404.1529(c)(3)(i)-(vii). "If the ALJ decides to

reject subjective testimony concerning pain and other symptoms, [s]he must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [her] determination is supported by substantial evidence." Brandon v. Bowen, 666 F. Supp. 604, 608 (S.D.N.Y. 1987) (citing, inter alia, Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1045 (2d Cir. 1984); other citations and footnote omitted).

Review of the decision indicates that, rather than considering Plaintiff's credibility in light of the factors required by the regulations, the ALJ simply recited the medical evidence in the record without meaningful analysis of how the medical evidence detracted from Plaintiff's credibility. See, e.g., Fox v. Astrue, No. 6:05-CV-1599(NAM/DRH), 2008 WL 828078, at *13 (N.D.N.Y. Mar. 26, 2008) (finding error where "the ALJ concluded that plaintiff was not totally credible, yet he failed to state what allegations were credible, the weight given to plaintiff's statements and the reasons for affording such weight"). Therefore, the Court finds that remand on this basis is required. See, e.g., Kerr v. Astrue, No. 09-CV-01119(GLS)(VEB), 2010 WL 3907121, at *4 (N.D.N.Y. Sept. 7, 2010) ("[T]he ALJ's discussion of the factors was simply a recitation of Plaintiff's testimony without any meaningful analysis of how those factors detracted from her credibility. Indeed, the ALJ failed to offer any explanation as to

why Plaintiff's subjective complaints were found less than fully credible.") (citation omitted).

### C. RFC Lacking a Function-by-Function Assessment

Plaintiff contends that the ALJ erred by arriving at her RFC without providing a function-by-function analysis relating to her ability to perform the necessary work activities of medium work. See SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).

"It is well-settled that '[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" Hogan v. Astrue, 491 F. Supp.2d 347, 354 (W.D.N.Y. 2007) (quoting SSR 96-8p, 1996 WL 374184, at *7; citing Balsamo v. Chater, 142 F.3d 75, 80-81 (2d Cir. 1998)). Here, after setting forth Plaintiff's RFC, the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that Plaintiff can perform a range of medium exertional work. Remand accordingly is required. See, e.g., Hilsdorf v. Comm'r of Soc. Serv., 724 F. Supp.2d 330, 348-49 (E.D.N.Y. 2010) (remanding where ALJ did not perform function-by-function assessment and did not explain why claimant's abilities in those areas enabled him to meet the demands of sedentary to light work); Palascak v. Colvin, No. 1:11-CV-0592(MAT), 2014 WL 1920510, at *10 (W.D.N.Y. May 14,

2014) (finding error where the ALJ's RFC assessment "simply recite[d] [the claimant]'s testimony and summarizes the medical record without tying this evidence to the physical and mental functional demands of light work").

As Plaintiff notes, the ALJ incorporated into her RFC assessment very specific limitations regarding Plaintiff's ability to concentrate and focus, and her need for unscheduled breaks. See, e.g., T.45 (finding that Plaintiff "can focus for two hour periods with brief opportunity to stretch and re-focus for up to two minutes in each two hour period"). Plaintiff argues that this and other limitations included by the ALJ are arbitrary and based only on the ALJ's lay opinion since there is no medical opinion supporting the conclusion that Plaintiff can perform work within these highly specific limits. Because the ALJ failed to cite to any medical opinions to support her RFC findings, the Court is unable to determine the rationale for the ALJ's RFC assessment and whether it is supported by substantial evidence. See McCarthy v. Colvin, 66 F. Supp.3d 315, 322 (W.D.N.Y. 2014) (citing, inter alia, Dailey v. Barnhart, 277 F. Supp.2d 226, 235 (W.D.N.Y. 2003) ("[T]he ALJ arbitrarily selects separate and independent findings from many sources and does not rely on any specific medical opinion in arriving at the conclusion that Dailey retained the [RFC] to perform the exertional demands of sedentary work.") (citation to record omitted)).

**VI.   Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt #11) is denied. Plaintiff's motion for judgment on the pleadings (Dkt #9) is granted. The Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with this Decision and Order. In particular, the ALJ is directed to evaluate Dr. Ahmed's opinion, previously submitted to the Appeals Council, in accordance with the treating physician rule and applicable regulatory factors; re-assess Plaintiff's RFC in light of Dr. Ahmed's opinion and perform the required function-by-function assessment; re-evaluate Plaintiff's credibility in accordance with the required regulatory factors and SSR 96-7p; and perform a new step five analysis.

**SO ORDERED.**

**S/Michael A. Telesca**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   December 28, 2015
         Rochester, New York